Hilda GRIFFIS, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SE-
CURITY ADMINISTRATION,
Defendant–Appellee.

No. 10–12267

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 24, 2010.

Michael A. Steinberg, Michael A. Stein-
berg & Associates, Tampa, FL, for Plain-
tiff–Appellant.

Anita Kay Brotherton, Holly G. Grimes,
Mary Ann Sloan, Dennis R. Williams, So-
cial Security Admin., Office of General
Counsel, Avni Gandhi, Elyse S. Sharfman,
Office of General Counsel, Atlanta, GA, A.
Brian Albritton, David Paul Rhodes, Susan
Roark Waldron, U.S. Attorney's Office,
Tampa, FL, for Defendant–Appellee.

Before PRYOR, MARTIN and
ANDERSON, Circuit Judges.

PER CURIAM:

Hilda Griffis appeals a decision that af-
firmed the denial of her application for
supplemental security income from the So-
cial Security Administration. 42 U.S.C.
§ 1383(c)(3). Griffis argues that the ad-
ministrative law judge erred by using the
term "moderate" to describe Griffis's func-
tional limitations and posed an incomplete
hypothetical to the vocational expert. We
affirm.

We review the decision of the Commis-
sioner " 'with deference to the factual find-
ings and close scrutiny of the legal conclu-
sions.' " *Ingram v. Comm'r of Soc. Sec.
Admin.*, 496 F.3d 1253, 1260 (11th Cir.
2007) (quoting *Cornelius v. Sullivan*, 936
F.2d 1143, 1145 (11th Cir.1991)). We re-
view *de novo* the legal conclusions of the
Commissioner, and we treat its findings of
fact as conclusive if supported by substan-
tial evidence. *Id.* Substantial evidence
consists of " 'relevant evidence [that] a rea-
sonable person would accept as adequate
to support a conclusion.' " *Id.* (quoting
*Bloodsworth v. Heckler*, 703 F.2d 1233,
1239 (11th Cir.1983)).

The administrative law judge did not err
by using the term "moderate" to describe
Griffis's limitations. Griffis argues that
the term was "not sufficiently descriptive"
and might have been misunderstood by the
vocational expert, but the record does not
support Griffis's argument. The adminis-
trative law judge defined "moderate" as
"able to function satisfactorily," and the
vocational expert did not express any con-
fusion or uncertainty about that definition.

The administrative law judge also pre-
sented a complete hypothetical to the vo-
cational expert. Griffis argues that the
administrative law judge failed to include
in the hypothetical that the claimant had
moderate limitations in completing a nor-
mal work schedule because of psychologi-
cal symptoms, but the hypothetical en-
compassed that limitation and, in fact,
presumed the claimant had a more severe
limitation. The administrative law judge
told the vocational expert that the claim-
ant had a "marked limitation" in "re-
spond[ing] appropriately to work pres-
sures in the usual work setting" and a
moderate limitation in "respond[ing] ap-
propriately to changes in [the] routine
work setting." Although the administra-
tive law judge omitted from the hypothet-
ical that Griffis was limited in her ability
to work at a consistent pace without an
unusual number and length of rest peri-

ods, that omission was, at most, harmless error. Because the administrative law judge found that Griffis had "moderate difficulties" and could "function satisfactorily" at her pace, the omission of the limitation about her work pace and rest periods would not have changed the testimony of the vocational expert.

The denial of Griffis's application for supplemental security income benefits is **AFFIRMED.**